THE ADM'R OF HENRY A. ELLIS *vs.* THE ADM'R OF JAMES
TAYLOR.

*Error from Mobile Circuit Court*—Before the Hon.
P. T. HARRIS.

Where a man in whose favor a bill of exchange is drawn, which has been
accepted, assigns all his effects to a trustee for the use of his creditors,
and subsequently assigns all his effects to another person to secure him
against certain liabilities, and brings suit in his own name for the use of
the last person to whom his effects were assigned (the bill being indors-
ed in blank,) the acceptor cannot successfully defend himself against
such suit, on the ground of the assignment of the plaintiff's effects to
the trustee : nor will the case be varied, whether the assignment so
made was fraudulent or valid. Neither will the defence be aided by
the fact, that the bill of exchange was not in the possession of the plain-
tiff, but of another person, and was brought into court by means of a
*subpœna duces tecum.*

This was an action of assumpsit, brought by Daniel Stowe,
trading under the firm of Stowe, Ellis & Co. to the use of H.
A. Ellis, against James Taylor. The declaration charges

Admr of Ellis the defendant as being indebted to the plaintiff, for goods,
vs.
Admr Taylor wares and merchandise, sold and delivered, money had and
received to the plaintiff's use, and for, money lent and advanced, and paid out and expended to the use of the defendant, to the amount of five thousand dollars. The defendant pleaded, in short, non-assumpsit, payment, set off, payment by garnishments, and a garnishment. On the issue, the jury found for the defendant.

It appears by the bill of exceptions, that the plaintiff's counsel gave in evidence, a bill of exchange drawn by Parsons and Taylor on the defendant, and accepted by him, dated April 2, 1827, and payable the 1st day of January thereafter, for $2479 14, in favor of and indorsed " Stowe, Ellis & Co.;" which bill of exchange was produced in court by means of a *subpœna duces tecum*, served on one Robert E. Center. It also appears that the plaintiff gave in evidence the answer of the defendant to a garnishment, in which his indebtedness on said bill of exchange is admitted, and that he had previous to that time received notice from said H. A. Ellis, and likewise from James T. Franklin, each requiring payment of said bill to himself: it being also proved by plaintiff, that Stowe, at the time, traded individually, under the name of Stowe, Ellis & Co. The bill of exceptions further shows, that the plaintiff gave in evidence the deed of assignment from Stowe to Ellis, a copy of which is annexed to the record, by which Stowe, (to secure Ellis against his liability to pay certain debts which Stowe had agreed to pay) assigned to said Ellis all the debts due or to become due to the firm of Stowe, Ellis & Co. whether those debts accrued while Ellis was a partner, or while Stowe carried on the business by himself, which deed is dated September 17, 1829. It also shows, that the defendant produced in evidence a deed of assignment from Stowe to J. T. Franklin, dated 14th April, 1827, by which the former assigned all his property, effects and credits, to the latter, in trust, for the payment of certain creditors. The bill of exceptions further shows, that the plain-

tiff's counsel moved the court to instruct the jury, that the assignment from Stowe to Franklin, was fraudulent and void, and could not disturb the assignment to Ellis, by virtue of which he had a right to institute and maintain his suit in the name of Stowe, and that he was entitled to recover the amount of the said bill of exchange from the defendant; which instructions the court refused to give, but instructed the jury that the deed of assignment from Stowe to Franklin, though fraudulent and void against creditors, was good against Stowe, and those claiming under him, and rendered his subsequent attempt to make an assignment void and inoperative; and that for this reason a verdict could not be rendered against the defendant.

The plaintiff's counsel excepted to this opinion of the court below; and, in this court, has assigned the same as error.

Hale, for Plaintiff in error—

The point involved in this case is limited to a single question. Daniel Stowe made an assignment of his property to Franklin, which assignment this court has pronounced to be fraudulent, and therefore null and void. Subsequent to the execution of this instrument, H. Ellis, satisfied that it was null and void, received from Stowe an assignment of various effects, among which was, the note on which this action was founded. The note, and the two assignments, were given in evidence. Under this evidence, the counsel for Taylor maintained, that, however fraudulent the assignment from Stowe to Franklin might be, Stowe was bound by it, and that Ellis, his assignee, was bound by it also; and this opinion was echoed by the court; and to this opinion a bill of exceptions was taken.

The principle is admitted, that the party to a fraudulent contract, cannot take advantage of the fraud. But it is a principle equally plain, that where a man makes a fraudulent conveyance, and afterwards conveys the same property to a *bona fide* purchaser, the latter is protected by law. If it

Admr of Ellis were not so, the consequences would be most ruinous.   Sup-
vs.
Admr Taylor pose a merchant makes a conveyance of his goods, which is
construed to be fraudulent (however innocent in reality he
may have been in making it) what would afterwards be his
situation, and the situation of all the world in regard to him?
He cannot sell a piece of broad cloth, nor can any one buy it
of him ; because although the assignment was void, it is bind-
ing on him, and on all who may purchase from h'm.   The
case is so plain, I will not dwell on it.   That a purchaser for
a valid consideration can hold property that has been previ-
ously fraudulently conveyed, is a position that is no where,
in the books, called in question.

I have not found any case exactly similar to the present ;
but the principle on which it depends, is to be found every
where.   *Roberts on Frauds* may be referred to.   The princi-
ple here contended for, is impliedly contained in almost eve-
ry case in it : and if the principle be not sound, half the cases
there recited, are not law.

GOLDTHWAITE, *contra.*

The case presents a different aspect in the gentleman's
statement, from that which it assumes upon an examination
of the bill of exceptions.   The action was not brought by
Ellis upon the note which has been spoken of ; but it was
brought by Stowe, for the use of Ellis, for money had and re-
ceived.   The note or bill was not in the possession of Ellis,
but was in the hands of a man by the name of Center, and
was only brought into court by means of a *subpœna duces
tecum.*   Upon this state of the case, was not the court right
in charging the jury that the assignment to Franklin was
good against Stowe ; and that neither Stowe, nor those
claiming under him, could take advantage of its invalidity.

Another question was, had this bill ever passed to Ellis, in
such a manner that he could entitle himself to the amount of
it in an action of this kind ? .  Say that I am the holder of a
piece of paper regularly indorsed to me, can A and B, in an

action between them litigate and determine on my rights, by bringing me into court with the instrument, on a *subpœna duces tecum?* This paper was indorsed in blank, and was in the possession of Center, who claimed it as his own. It had never been indorsed to Ellis, nor was it in his possession. Our statute provides, that notes and bonds can pass by assignment : and according to the decisions of this court, I contend that they can pass in no other manner. No such transfer had been made to Ellis. I do not contend that an equitable interest may not pass by general assignment ; but the assignee does not thereby become the legal holder. Suit must be brought by the person making such assignment, and he must be subject to all the rules to which he would be, if no such assignment had been made. Then if brought by Stowe, can he stultify himself, and say his own act is fraudulent? I can find no case applicable to the present, except the general principles of law : it is admitted on all hands that a man cannot set aside his own deed. Admit that the assignment to Franklin was void, it is clear that Stowe cannot take advantage of that fact : and it does not appear that it was necessary for the court to decide this point. If Ellis had an equitable claim, he was not without his remedy. He might have filed his bill in equity, to set aside the first assignment ; but he cannot divest Center of his right without making him party to the suit, merely by means of the *subpœna duces tecum.*

It does not appear but Center was a *bona fide* creditor of Stowe. Suppose this to have been the case, and yet that he came into possession of the note by the assignment, the fraudulence of the assignment would not impair his right ; but he would be remitted back to his rightful consideration.

As the bill, in this case, was indorsed in blank, and was in possesssion of Center, if it had been obtained surreptiously, and Center had come into possession of it without a knowledge of the fraud, he would not be prejudiced by it. If the interest of Center was to be attacked, and if it could have been done in this form of action, it ought, at least, to have

*Admr of Ellis*
*vs.*
*Admr Taylor*

Admr of Ellis
vs.
Admr Taylor

been shown, that he came by the paper fraudulently. Had the possession been in the plaintiff, it might have altered the case ; but here, it is clear that the legal interest is in Center; and it is not pretended that he did not come by it in a *bona fide* manner.

Would not a payment made to a *bona fide* creditor, after the first assignment, and before the second, be good? And it does not appear that Center was not a *bona fide* creditor. He cannot be deprived of his interest without its being shown that he has participated in the fraud.

This action was commenced on the 10th of April, 1830. The assignment to Franklin was on the 14th of April, 1827 ; and the assignment to Ellis, on the 17th of September, 1829. During all this time, from the 14th of April, 1827, to the 17th of September, 1829, this paper may have been floating about the community. If so, how are the rights of an individual guarded, if he cannot purchase it with safety? This paper passes by delivery ; and as it is known that Stowe could not stultify himself, legal counsel would not hesitate to advise that the paper might be safely purchased.

Suppose there had been a trust in the assignment to Frank-lin, for the payment of the creditors of Stowe, and a number of them had been paid, could these creditors be compelled to refund, thirty months afterwards, on the ground of the assignment being fraudulent, although their claims were *bona fide*? If thirty months afterwards, why not three years, or ten years afterwards? And no distinction can be drawn here between a payment and a transfer. It matters not whether Stowe's creditors are paid in money or in notes, or bills of exchange. If the gentleman can show any difference in principle, I should be glad to be enlightened on the subject. Whatever fraud there may have been in the assignment to Franklin, no *bona fide* transfer can be reached.

HALE, in reply.
The court doubtless recollects the maxim of a distinguish-

ed jurist, that a good lawyer ought to make a good argument Admr Taylor on a good case, or if his case be a bad one, he should make a Admr of Ellis good case and argue that.    The gentleman has conformed to the latter part of the rule.   However good the gentleman has made his case, he has not argued the case before the court.   If the statements in the bill of exceptions were to be taken as a special verdict, and if it were the business of this court to decide upon it as such, the views of the gentleman might possess some plausibility; but this is not the case. It matters little, how much or how little of the testimony is put in the bill of exceptions, only as it relates to the points reserved ; the rest can only be regarded as explanatory.   I stated at first, that there was but one point in the case.   I say so still.   And that is this :  Was the charge of the court right or wrong ?   If the statements in the bill of exceptions had been viewed as a special verdict, we would have put down our testimony ; but this is not the object of a bill of exceptions.    The gentleman has found great fault with the way this action has been brought.   It had been brought in Stowe's name, for the use of Ellis, because the true attitude of the party was thus shown.   If it had been brought in the name of Stowe simply, his creditors might have garnisheed the defendant, or Stowe might have claimed the money recovered.

The rights of Center have nothing to do with this case.   I care not whether Center recover against Taylor or not.   I do not say that this action is a bar :  it is sufficient that Taylor is bound to pay us.   Whether the note was in our possession or in that of Center, has nothing to do with the point reserv ed.   I tell the court, and I never intentionally deceived a court in my life, that the only point is, whether the instructions given, by the Judge to the jury, were right or wrong, and it is no matter what hypothetical case, the gentleman, in his ingenuity, may present.. But if he will consult *Roberts on Frauds*, 367, he may perhaps find some doctrine to meet his imaginary case.

Admr of Ellis vs. Admr Taylor

The court will perceive from this brief view of the case, that it is unnecessary to pass on the points presented by the ingenuity of the gentleman : not that I have any doubt of being able to meet them. They will come up again, as the gentleman well knows, in another case, when they will be met. But sufficient for the day is the labor thereof. It is not necessary to notice the point about the possession of the note. No question was brought before this court on that subject. Suppose it had been put down that the note was given for usury, gambling, or horse racing, that would not be the point : that was not what the court gave the charge upon. This court knows it is not trying a special verdict. The question is on the point reserved. Was the charge of the Judge law or not law ?

By Mr. Justice THORNTON :

This was an action of assumpsit, containing the usual counts, for goods, wares, and merchandize, for money had and received, &c. During the progress of the trial, a bill of exceptions was signed by the court, which contains the charge given to the jury, assigned for error.

The res lt of the charge is, that the plaintiff in the action could not recover ; but it is so connected with the facts, as to show explicitly, upon what grounds it was given : and as the bill of exceptions does not purport to set forth all the evidence wich was introduced, we must consider the charge with reference only to the facts on which it was predicated.

The bill of exceptions shows, that a bill of exchange was introduced as evidence by the plaintiff, which was drawn in favor of the said plaintiff, indorsed in blank by him, and accepted by the defendant ; that subsequent to the acceptance, an assignment by deed of trust, for the benefit of his creditors, had been executed by the plaintiff, Stowe, to one Franklin ; whose interest, by virtue of said deed, had been transferred, or was understood by said Franklin, Center and Henry Hitchcock, to be transferred to the said Center : that sub-

sequent to the said transfer to Franklin by Stowe, and by Admr of Ellis him to Center, an assignment of his personal effects was executed by Stowe to H. Ellis, for whose use this action is brought. It appears also, that by a *subpœna duces tecum*, served upon Center, the said bill of exchange was produced in court. The Judge instructed or charged, " that the deed of assignment from Stowe to Franklin, though fraudulent and void as against creditors, was good against Stowe, and those claiming under him, and rendered his subsequent attempt to make an assignment void, and inoperative; and *that from this consideration*, a verdict could not be rendered against the defendant. That this charge is erroneous, I have no doubt. The jury are told that a verdict could not be rendered for the plaintiff, from a consideration of facts, which I deem wholly irrelevant to the true merits of the case, as far as the bill of exchange constitutes a part of it. The bill is drawn in favor of the plaintiff, Stowe, who sues for the use of Ellis, and is permitted to go to the jury without any objection, either to the blank indorsement, which could have been stricken out, as I consider the law upon that subject, or on any other ground. The existence of those several assignments of his property by Stowe, whether fraudulent or not, could not defeat this recovery—they are wholly *res inter alias acta.* They do not constitute a legal defence—nor do they constitute legal premises of the conclusion drawn from them, and given in charge to the jury. The acceptor of a bill of exchange, is as the maker of a promissory note ; and it has been frequently decided, that he cannot in this way, question the title of an assignee, who is plaintiff; much less could he defend, by showing that the *cestui que use*, in an action by the payee, is not entitled to the fund. How the supposed interest between Center or Franklin, and the *cestui que use*, may be determined, if it ever arise, is a matter not at all affecting the liability of the defendant ; and an imaginary contest between them, cannot furnish a defence to this action.

Admr of Ellis
vs.
Admr Taylor

Let the judgment be reversed, and the cause remanded.